**In re Stephen J. and Laura Ann R. BADER, Debtors.**

**Bankruptcy No. 89-07394.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Aug. 20, 1990.

Jim L. Dye, Tallahassee, Fla., for debtors.

William Miller, Jr., Tallahassee, Fla., trustee.

**ORDER ON MOTION TO REVIEW ATTORNEY'S FEES**

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This action came before this court on the Trustee's motion to determine the reasonableness of fees paid to the debtors' attorney. Section 329 of the Bankruptcy Code gives the Bankruptcy Court the power to require the return of any payment of fees which the court determines to be excessive. The issue before the court is whether $5,000 is a reasonable fee to be paid to an attorney for a Chapter 7 case involving individual debtors. It is the court's determination that $5,000 is an excessive fee for this type of case and that the amount of $4,000 must be disgorged and returned to the estate to be administered by the trustee.

Prior to filing the petition in bankruptcy, the debtors retained Jim Dye as their attorney. Dye was hired in contemplation of the debtors filing for bankruptcy. He required that the debtors give him $5,000 as a retainer for his work on their case. The debtors obtained this amount by borrowing it from a relative, and gave it to Dye.

The debtors list assets of $277,915.62. Of this amount, $258,000 is real property securing debts in the amount of $282,200. An additional $15,000 asset is a vehicle secured by a lien. After subtracting the allowed exemption of $2,000, the debtors assets free from liens have a value of $2,915.62. The debtors list unsecured debts in the amount of $52,623.

It is the trustee's position that a fee of $5,000 is excessive for a Chapter 7 case. He bases his determination that the fee is excessive on a comparison of fees received by attorneys in comparable Chapter 7 cases in which the trustee has dealt. Based on his comparison the trustee requests the return of all but $1,000 of the fee.

Dye filed with the court a time summary showing that he has worked 49.75 hours on the case. His time is reported in quarter-hour increments with much of his time spent in conferences with the debtors. It is his assertion that the time spent thus far

is justified because the case is not a simple "no assets" case and it has some complications. He also asserts that a significant part of his time was spent due to errors by the trustee. However, he did not present anything except his time records to show the extent of work required to correct these "errors."

Bankruptcy Code § 329 gives the court the authority to examine the fee arrangement that the debtor enters with its attorney. The provision allows the court to require an attorney to return any payment, that was given to him less than one year prior to filing the petition in bankruptcy, for services rendered in contemplation of bankruptcy when that payment exceeds the reasonable value of the services provided. Section 329 is derived from section 60d of the Bankruptcy Act of 1898. The Supreme Court stated that the purpose of 60d was

> to safeguard the assets of those who are acting in contemplation of bankruptcy, so that these assets may be brought quickly and without unnecessary expense into the hands of the trustee, and to provide a restraint upon opportunities to make an unreasonable disposition of property through arrangement for excessive payments for prospective legal services.

*Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 477, 53 S.Ct. 703, 705, 77 L.Ed. 1327 (1933). The Supreme Court, in another case, stated that the provision "recognizes the right of [ ] a debtor to have the aid and advice of counsel, and ... to make provisions for reasonable compensation to his counsel." *In re Wood*, 210 U.S. 246, 253, 28 S.Ct. 621, 624–25, 52 L.Ed. 1046 (1908). This provision protects both the debtor and the creditors from the possibility of excessive attorney's fees. *In re C & P Auto Transport, Inc.*, 94 B.R. 682 (Bkrtcy.E.D.Cal.1988), *citing, In re Pacific Far East Line, Inc.*, 644 F.2d 1290 (9th Cir.1981).

It is this court's determination that $5,000 is an excessive fee for a routine Chapter 7 involving individual debtors. To allow such an excessive fee would be adverse to the purpose of § 329. The reason such a fee is adverse to § 329 is that it

would harm, and not protect, both the debtor and its creditors. Requiring a debtor to post a retainer fee of $5,000 denies a debtor the right to have aid and advice of counsel. If such a retainer were allowed, debtors, who are already in a financial pinch, would not be able to afford to retain an attorney and they would be denied the opportunity to have the advice of an attorney to guide them through bankruptcy. Additionally, a $5,000 retainer fee diminishes the assets of the debtor to the disadvantage of the creditors. By giving that money to an attorney, the debtor takes from the assets in which the creditors may have a claim and reduces the amount the creditors could recover in a liquidation. That is not to say a debtor cannot use any funds to retain an attorney. Section 329 allows the debtor to pay a reasonable fee to his attorney. The reasonableness of the fee is what must be determined.

The Middle District of Florida, in a recent case, listed many factors to be examined by the court to determine the reasonableness of a fee claim. *In re Mellard*, 117 B.R. 716 (Bkrtcy.M.D.Fla.1990). Although that was a Chapter 13 case, the factors that the court listed pertain to all fee arrangements. The court looked at; the time and labor involved, whether a non-attorney could perform some of the tasks, whether there were any novel or difficult questions involved, what amount of skill was necessary to perform the services, whether acceptance of the case precluded other employment on the part of the attorney, the amount customarily charged in the community, whether the rate was a flat fee or based on expected hourly work, whether extraordinary results were obtained, whether the relationship between the attorney and the client is ongoing or limited, whether the case was undesirable, and the amount awarded in similar cases in the division. The court stated that a $1,500 fee was the most it would allow in a Chapter 13 case. Generally, an attorney in a Chapter 13 case is required to do more work than is required of an attorney for individuals in a Chapter 7 case. If the maximum rate allowed in a Chapter 13 case, in Orlando, is $1,500, it could hardly be argued that

$5,000 is reasonable for a straight-forward, individual Chapter 7 case in Tallahassee.

Dye asserts that he has put in nearly 50 hours on this case. This is an extraordinary amount of hours for this type of case. His time records indicate that he has done more work than is ordinarily necessary for a Chapter 7 case. However, he has not shown any of the factors set out in *Mellard* to be present in this case. It is the attorney applying for legal fees in bankruptcy who has the burden of showing that his fees are reasonable. *In re the Matter of Kroh Brothers Development Co.*, 1989 U.S.Dist.Lexis 2966 (W.D.Mo. 1989) *citing, In re U.S. Golf Corp.*, 639 F.2d 1197 (5th Cir.1981). There was not a novel or difficult issue involved, nor did this case require a great amount of skill, nor were there any extraordinary results obtained or involved. In fact, some of the hours listed could have been performed by non-lawyers. Additionally, the hours presented were on quarter-hour increments. Billing on the quarter-hour results in an inflation of the actual time put forth by the attorney. It appears, from Dye's list of hours, that he received the retainer of $5,000 and is now attempting to justify that fee. This court can not allow attorneys to demand an excessive retainer fee then spend unnecessary time on the matter in order to justify the fee. The retainer should be an amount in which the attorney reasonably believes will be necessary to handle the case. A retainer of $5,000 is not a reasonable fee for this type of case.

Based on our knowledge and experience with fees paid to attorneys throughout this district for representation in Chapter 7 cases, we find that $1,000 is not an excessive fee for this case. This amount is at the extreme high end of fees charged by attorneys for individual debtor Chapter 7 cases in this district. Any further reduction is not warranted in view of the work actually done in this case and the quality of that work.

Section 329(b) requires a return of excessive fees to "(1) the estate if the property transferred (A) would have been property of the estate; or (2) the entity that made such payment." Here, the debtors borrowed the funds to pay the retainer. Once they received the loan proceeds, they became the debtors' property, and the lender had a claim. Thus, the loan proceeds would have been property of the estate prior to the payment of Dye's retainer and must be returned to the estate. Accordingly, it is hereby

ORDERED AND ADJUDGED that the trustee's motion be and same is granted and Jim Dye is ordered to pay to the trustee William Miller within ten (10) days, the sum of $4,000.

DONE AND ORDERED.