**In re FLORIDA BAY BANKS, INC., Debtor.**

**FLORIDA BAY BANKS, INC., Plaintiff,**

**v.**

**FLORIDA DEPARTMENT OF BANK-ING AND FINANCE, and Gerald A. Lewis, Defendants.**

**Bankruptcy No. 93–02021.
Adv. No. 93–9013.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

July 14, 1993.

---

Thomas B. Woodward, Tallahassee, FL, for plaintiff.

Alan Sunberg and Albert T. Gimbel, Tallahassee, FL, for defendant.

### ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE was heard by the Court on the motion of the Defendants, Florida Department of Banking and Finance and Gerald A. Lewis, for sanctions against the Debtor and its counsel pursuant to Bankruptcy Rule 9011. On review and consideration of the oral and written legal arguments of counsel, the Court concludes that the Debtor's filing of its Complaint Seeking to Enjoin Action was not warranted by existing law or a good faith argument for

the extension, modification or reversal of existing law. Accordingly, the Defendant's Motion for Sanctions will be granted.

■ At issue is whether the Debtor's efforts to enjoin an administrative hearing involving a bank subsidiary of the Debtor by arguing, in effect, for an extension of the automatic stay under the Court's general equitable powers of 11 U.S.C. § 105 constitutes sanctionable behavior. The factual setting underlying this motion involves certain regulatory actions taken by the Florida Department of Finance and Banking which the Debtor asserts was in retaliation for its decision not to contribute to the re-election campaign of Gerald A. Lewis, the Comptroller of the State and the state's top banking regulator. In summary, the Debtor alleges that beginning in 1991, the Defendants engaged in a campaign calculated to harass and discredit Bay Bank & Trust (the "Bank"), the bank subsidiary of the Debtor, and discredit and remove from operational control of the Bank members of the Christo family, who collectively own or control 97% of the Debtor's stock.

The Debtor filed a petition seeking relief under Chapter 11 on January 29, 1993. The Debtor filed the subject complaint on February 3, 1993 to enjoin the regulators from proceeding with an administrative hearing against the Bank scheduled for February 8, 1993. Although the Debtor's prayer requested injunctive relief, its argument framed the legal issues in the nature of an extension of the automatic stay to the non-debtor Bank under the general grant of equitable powers contained within § 105(a). The Debtor argued that such an extension of the stay was essential to any hope of a successful reorganization.[1] The Court finds this action to be without merit based on either present law or a good faith argument for an extension, modification or reversal of current law.

■ A court must impose sanctions if it finds a party has violated Bankruptcy Rule 9011. *In re KTMA Acquisition*

*Corp.*, 153 B.R. 238, 268 (Bankr.D.Minn. 1993). Rule 9011 reads in relevant part:

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law ... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document ...

The standard for testing conduct under Rule 9011 is an objective one; a determination of what was reasonable to believe under the circumstances at the time the document was signed and submitted to the court. *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987). The rule is not meant to deter an attorney's enthusiasm or creativity in pursuing factual or legal theories, rather, it is intended to avoid unnecessary delay and expense in litigation by deterring costly meritless maneuvers. *Id.* Generally only those claims without any factual or legal basis whatsoever are sanctionable. *Davis v. Carl*, 906 F.2d 533, 537 (11th Cir.1990).

In the present case, the Debtor readily acknowledges that no authority presently exists which would support his efforts to enjoin a bank regulator from proceeding with an administrative hearing. The Debtor instead argues that because the administrative hearing will likely have an adverse effect on the sale of securities by the Debtor, and therefore effect its chances for a successful reorganization, the Court should exercise its § 105(a) equitable powers to

---

**1.** The Debtor asserted adverse publicity generated by the administrative hearing would preclude a planned stock offering. Proceeds of the offering were to be used to payoff a bank stock

loan held by SouthTrust Bank of Alabama, N.A. SouthTrust had noticed a non-judicial foreclosure sale of the Bank's stock owned by the Debtor to be held February 1, 1993.

enjoin the proceeding. At a hearing on the matter, the Court concluded that it did not have jurisdiction to enjoin the planned administrative hearing. The Court's conclusion was supported by clear and unmistakable statutory law and case authority. In order to withstand a motion for sanctions, the Debtor must demonstrate a bona fide, good faith argument for a change in the current position of this law.

■ Section 109(b)(3) clearly and unambiguously excepts domestic banks from the protection offered by the Bankruptcy Code. The Debtor argues that because the state has not instituted liquidation or reorganization proceedings against the Bank, the Court should not construe § 109(b)(3) as a bar to extending the automatic stay of a debtor to a related entity not otherwise entitled to the protection of the Code. The Debtor supports this position by citing certain Congressional Reports which seem to indicate that the only reason Congress excepted banks, savings and loans, insurance companies, credit unions and the like from the Code was the existence of separate and independent regulatory schemes which provided for the liquidation and reorganization of those entities. This argument completely misses the mark. Analysis of legislative motives behind the exclusion of these entities from enjoying the protection offered by the Bankruptcy Code is unnecessary and irrelevant. It is enough that the statute so clearly and unambiguously prevents these entities from utilizing the Code. Moreover, the state proceedings would not be affected by the automatic stay even if the Bank could qualify for bankruptcy protection because §§ 362(b)(4) and 362(b)(5) expressly exempt from the automatic stay the continuation or commencement of state actions against a debtor or his property pursuant to its police or regulatory powers. Thus, the Debtor seeks to obtain the benefit of an automatic stay by an entity not eligible for such relief and against a state proceeding expressly exempt from the automatic stay. There is simply no present legal basis for granting such a request nor any colorable policy argument supporting an alteration of clear statutory law by this court.

■ The Debtor also suggests that the development of only a few recent cases on the subject means the issue is unsettled. Such a characterization of the law is unfounded. The cases which have addressed the issue, including a controlling Fifth Circuit decision [2], uniformly hold that a bankruptcy court is not to interfere with the enforcement actions of state financial institution regulators. *See In re Bankers Trust Co.*, 566 F.2d 1281 (5th Cir.1978) (holding district court exceeded its statutory authority by enjoining any act of state-appointed conservator which would interfere with debtor's reorganization efforts); *In re People's Bankshares, Ltd.*, 68 B.R. 536 (Bankr.N.D.Iowa 1986); *In re First Financial Enterprises, Inc.*, 99 B.R. 751 (Bankr.W.D.Tex.1989).

Moreover, courts have historically shown great deference to the actions of bank regulators. Federal statute withholds jurisdiction from bankruptcy courts to enjoin the issuance or enforcement of any notice or order involving unsafe and unsound banking practices issued by an appropriate regulatory agency of an institution insured by the Federal Deposit Insurance Corporation. *See* 12 U.S.C. § 1818(i)(1); *cf. Groos National Bank v. Comptroller of the Currency*, 573 F.2d 889 (5th Cir.1978) ("Section 1818 as a whole provides a detailed framework for regulatory enforcement and for orderly review of the various stages of stages of enforcement; and section 1818(i) in particular evinces a clear intention that this regulatory process is not to be disturbed by untimely judicial intervention, at least where there is no 'clear departure from statutory authority.' "). Although this statutory provision addresses only those actions initiated by or on the FDIC's behalf [3], the paucity of written decisions on

---

**2.** Decisions rendered by the Fifth Circuit as of September 30, 1981 have been adopted as binding precedent on courts within the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

**3.** In this case, the action was initiated by the State pursuant to its regulatory powers.

the subject, in light of the failure of hundreds of financial institutions in the past 10 years, strongly suggest that bankruptcy courts will not become involved in the regulatory affairs of non-debtor financial institution subsidiaries of debtors.

This case evidences a disturbing concept held by many practitioners that a bankruptcy court's equitable powers pursuant to § 105(a) somehow amount to a grant of a license to authorize any act or issue any order in support of the debtor's reorganization efforts. Section 105(a) does not elevate a bankruptcy court to "super court" status; a bankruptcy court's equitable powers are available to serve any constituency involved in any particular case, but may be exercised only within the confines of the Code. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988). Debtor's request for an injunction simply attempts to do indirectly that which it is prohibited from doing directly under the Code.

Because the Debtor has failed to demonstrate any legal basis whatsoever for its complaint seeking an injunction, it is

ORDERED AND ADJUDGED that Defendants' Motion for Sanctions be granted. The Debtor's attorney, Thomas B. Woodward, Esq., is ordered to pay the Defendants the reasonable costs and fees of defending this action in the amount of $6,469.00 within thirty (30) days of this Order.

DONE AND ORDERED.