In re Bobby James SMITH and Gloria Gean Smith, Debtors.

Bankruptcy No. 98–00287–TLH4.

United States Bankruptcy Court,
N.D. Florida.
Tallahassee Division.

Feb. 18, 1999.

## ORDER ON DEBTOR'S OBJECTION TO AMENDED CLAIM OF CREDITOR, NORWEST MORTGAGE, INC.

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing on February 2, 1999 on the Debtor's Objection to Amended Proof of Claim Filed by Creditor, Norwest Mortgage, Inc. The issues before the Court are whether a flat rate attorney's fee of $800 is excessive and disallowable as part of Creditor's arrearage claim and whether such a claim, if excessive and frivolous, is subject to Bankruptcy Rule 9011 sanctions. For the reasons set forth below, I sustain Debtor's objection to Creditor's Amended Proof of Claim, reducing the allowable attorney's fees to $305 as part of Creditor's arrearage claim and disallowing the $20 in inspection fees. Further, I deny Debtor's motion for Rule 9011 sanctions.

### FACTS

On May 5, 1998, Bobby and Gloria Smith, the debtors, filed a chapter 13 petition. Subsequently, on June 17, 1998, Norwest Mortgage, Inc. ("Norwest") filed a proof of claim including a pre-petition arrearage owed by the debtors on their homestead mortgage: Norwest claims $1,061.18 for two months arrearage, including late fees and an inspection fee. On October 2, 1998, Norwest's attorney filed a Notice of Appearance. That same day at the same time, Norwest's attorney filed an amended proof of claim adding an additional $800 in attorney's fees to the original claim. On November 2, 1998, the debtors objected to Norwest's claim of $800 in "bankruptcy attorney's fees and costs" and $20 in inspection fees. In the same objection, the debtors also sought imposition of sanctions in the form of attorney's fees against Norwest for filing "a false and frivolous claim."

### DISCUSSION

#### I. Attorney's Fees

Section 506(b) provides that "to the extent that an allowed secured claim is secured by property the value of which, . . ., is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any *reasonable* fees, costs, or charges provided for under the agreement under which such claim arose." (emphasis added). Congress, therefore, chose to allow collection of attorney's fees by oversecured creditors provided the requirements of § 506(b) were followed. Section 506(b) has three requirements: (1) that the creditor is oversecured in excess of the fees requested; (2) that the agreement giving rise

to the claim provides for attorney fees; and (3) that the fees are reasonable. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *see also In re Schriock Construction, Inc.*, 104 F.3d 200, 201 (8th Cir.1997); *In re Kord Enterprises II*, 139 F.3d 684, 687 (9th Cir.1998). Courts generally use the lodestar method in determining the reasonableness of attorney's fees. *See e.g., Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 877 (11th Cir.1990). The lodestar approach involves multiplying the attorney's reasonable hourly rate by the number of hours expended. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Previously, I listed several factors for determining the reasonableness of a fee as part of a secured claim. *In re Bader*, 118 B.R. 817 (Bankr.N.D.Fla.1990). These factors include the following:

the time and labor involved, whether a non-attorney could perform some of the tasks, whether there were any novel or difficult questions involved, what amount of skill was necessary to perform the services, whether acceptance of the case precluded other employment on the part of the attorney, the amount customarily charged in the community, whether the rate was a flat fee or based on expected hourly work, whether extraordinary results were obtained, whether the relationship between the attorney and the client is ongoing or limited, whether the case is undesirable, and the amount awarded in similar cases in the division.

*Id.* at 818.

■ The parties do not dispute that Norwest is an oversecured creditor. The debtors' estimate the market value of their homestead at $60,000; Norwest has filed a secured claim in the amount of $53,725. Thus, Norwest is oversecured. Paragraph six of the mortgage agreement under which this claim arose states "[the debtors] will pay all and singular the costs, charges, and expenses including *reasonable* lawyers' fees, ..., incurred or paid at any time by [Norwest] because of failure on the part of the [debtors] promptly and fully to perform the agreements and covenants of said promissory note

and this mortgage, and said costs, charges, and expenses shall be immediately due and payable and shall be secured by the lien of this mortgage." (emphasis added). Thus, Norwest is entitled to claim reasonable attorney's fees arising in pursuing the two-month mortgage arrearage. I must, therefore, decide whether Norwest's claim for $800 in attorney's fees is reasonable.

Norwest's Response to Debtor's Objection to Claim includes the following services in its claim for flat rate attorney's fees:

reviewing the court papers in the case; reviewing proof of claim filed by Secured Creditor and, if necessary, preparing, filing and serving an amended proof of claim; reviewing and analyzing the Debtor's proposed Chapter 13 Plan and filing an Objection to Plan, if necessary; monitoring plan payments and filing a motion for stay relief or for adequate protection, if necessary; and, as needed, addressing any objection to claim which might be interposed.

Many of these services are future services which may or may not be performed. Norwest even concedes that the flat rate fee claim includes "fees for anticipated services which may not become necessary." (Norwest Mortgage, Inc.'s Resp. to Debtors' Objection to Claim ¶ 13.) While a flat rate fee for representation may be customary in the residential mortgage industry, it is not customary in bankruptcy. Norwest's attorney may be retained on a flat fee basis, but the debtor should not have to bear the burden of paying a fee for services that have not been performed. Otherwise, Norwest's attorneys would be getting a windfall at the expense of debtors. In this case, the only actions taken by Norwest's attorney (except for this claim litigation) consist of the filing of a Notice of Appearance and the Amended Proof of Claim.

■ The hourly rate of $150/hour for attorney's services is reasonable for this community; however, the rate of $75/hour for paralegal services claimed by Norwest's attorney exceeds the norm. Paralegal services in the Northern District of Florida generally bill out at $50/hour. Reviewing the time records submitted by Norwest's attorney reveals a questionable allocation of time. The attorney claims one hour spent in supervising the preparation of the Notice of Appearance

and the Amended Proof of Claim. The paralegal also claims one hour in the preparation of these same documents. It is beyond credulity that supervising the preparation of a standard form takes the same amount of time that preparation does. Therefore, I am reducing the supervision time to 0.2 hour. While one hour might be excessive in preparing what are essentially form documents, especially for adding only attorney's fees to the Proof of Claim, I will allow the paralegal's time to remain as claimed. Thus, the total attorney's time is reduced to 1.45 hours at $150/hour, and the paralegal's time is 1.75 hours at $50/hour. Using the lodestar approach, reasonable attorney's fees amounts to $305. I will therefore allow $305 in attorney's fees in Norwest's Class Two Claim.

## II. Inspection Fees

■ The debtors also objected to the imposition of $20 in inspection fees claiming that they were unaware that any inspection had been conducted. During the hearing, I requested Norwest to file some evidence that an inspection had taken place. Because Norwest failed to file any such evidence, I am unable to ascertain whether an inspection was actually performed. Therefore, I disallow the $20 in inspection fees in Norwest's claim.

## III. Motion for Sanctions

■ In addition to their objection to the Amended Proof of Claim, the debtors seek an award of reasonable attorney's fees and costs incurred in objecting to Norwest's amended claim. No code provision exists for awarding attorney's fees in objecting to a claim. The mortgage contract also does not provide for any payment of the debtors' attorney's fees. Thus, an award of attorney's fees to the debtors would need to be based on Bankruptcy Rule 9011. Federal Rule of Bankruptcy Procedure 9011(c)(1)(A) provides the following:

A motion for sanctions under this rule shall be made separately from other motions or requests.... The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allega-

tion, or denial is not withdrawn or appropriately corrected.... If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

The Eleventh Circuit has stated that a court can impose Rule 9011 sanctions when "the papers are frivolous, legally unreasonable or without factual foundation." *In re Mroz*, 65 F.3d 1567 (11th Cir.1995). Courts faced with a Rule 9011 motion for sanctions must determine whether the party's claim is objectively frivolous. *See id.* at 1573; *see also In re Florida Bay Banks, Inc.*, 156 B.R. 673, 675 (Bankr.N.D.Fla.1993). The claim must also not be presented for an "improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Bankr.P. 9011(b)(1).

■ Substantively, the claim for sanctions against Norwest must fail. The claim for attorney's fees was not objectively frivolous. Although Norwest's attorney was difficult to reach for negotiations regarding the objection despite numerous attempts by the debtors' attorney, there is no evidence of an intent by Norwest's attorney to harass, delay proceedings, or increase debtors' attorney's fees in objecting to Norwest's claim. Indeed, one of the factors in determining the reasonableness of attorney's fees is whether the fee is a flat fee or an hourly rate. Thus, it was not objectively unreasonable for Norwest's attorney to submit an amended proof of claim for her flat rate attorney's fees.

■ The debtors' request for sanctions and attorney's fees must also fail procedurally. The debtors failed to file according to the procedures outlined in Rule 9011. The debtors must wait at least 21 days after service of the motion on Norwest before presenting it to the court. Fed.R.Bankr.P. 9011(c)(1)(A). This safe harbor allows Norwest an opportunity to correct their Amended Proof of Claim before the possible imposition of sanctions. *Id.* The debtors filed their motion for sanctions with the court at the same time they served Norwest depriving Norwest of the safe harbor period. In prior discussions with Norwest's attorney, the debtors' attorney refused to consider any correction by Norwest without the payment of the debtors' attorney fees. The debtors' staunch position made it

difficult for an agreement to be reached regarding reasonable attorney's fees even without the 21 day grace period required in Rule 9011. Rule 9011(c)(1)(A) also requires a motion for sanctions to be filed separately from other motions or requests. Here, the debtors included their request for sanctions with their objections to the $800 in attorney's fees and $20 in inspection fees. Therefore, the motion for sanctions was procedurally as well as substantively defective and must be denied.

### CONCLUSION

Based upon the foregoing analysis, Norwest cannot claim a flat attorney's fee for future services as part of their arrearage claim. However, Norwest's attorney's fees are allowable to the amount of $305 based on the time records of the attorney. The inspection fee claim of $20 is disallowed due to lack of evidence in the performance of any inspection. Additionally, the Debtors' Motion for Sanctions is both procedurally and substantively deficient. Accordingly, the Debtors' Objections to Amended Proof of Claim of Norwest is hereby SUSTAINED, and the Debtors' Motion for Sanctions is hereby DENIED.

DONE AND ORDERED.