**In re Song K. PAK, Debtor.**

No. 99–06042–3F3.

United States Bankruptcy Court, M.D. Florida. Jacksonville Division.

July 3, 2000.

**216**

Edward P. Jackson, Jacksonville, FL, for Debtor.

Edward K. Cottrell, Roger K. Gannam, Jacksonville, FL, for Creditors.

Mamie L. Davis, Jacksonville, FL, trustee.

### ORDER OVERRULING CREDITOR FIRST UNION NATIONAL BANK'S OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court upon Creditor First Union National Bank's Objection to Confirmation of Amended Chapter 13 Plan filed on April 4, 2000. (Doc. 25) The Court heard argument on this Objection at a Confirmation Hearing on May 30, 2000. At this hearing, the Court found that Debtor's Amended Proposed Plan should be confirmed, but that the Plan should provide First Union National Bank ("Creditor") reasonable attorneys' fees and costs as part of its secured claim. The Court requested that Creditor file an amended affidavit of attorneys' fees and costs, which included a project-billing statement, so that the Court may determine reasonable attorneys' fees and costs in this case. Creditor filed its Amended Affidavit of Attorneys' Fees and Costs on June 5, 2000. (Doc. 29) Song K. Pak ("Debtor") filed a Response to Affidavit of Attorney's Fees and Costs on June 14, 2000. (Doc. 31) Upon the presentation of counsel and in accordance with statements made orally on the record, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On March 26, 1999 Debtor and Chong Cha Pak ("Debtor's wife") issued a Promissory Note in favor of Creditor in the amount of $450,000.00. A Mortgage and Security Agreement on commercial real property owned by Debtor and Debtor's wife secure this note. The Mortgage states that the "institution of any voluntary bankruptcy" shall constitute default of the Mortgage.[1] The Promissory Note also provides that bankruptcy shall constitute

---

1. A creditor cannot force a default upon a debtor by the use of the ipso facto clause of a contract solely because of a bankruptcy filing. *See Century Bank v. Peacock (In re Peacock),* 87 B.R. 657, 659 (Bankr.D.Colo.1988); *see also In re Farmer,* 13 B.R. 319, 320 (Bankr. M.D.Fla.1981) (declaring ipso facto clauses void). The filing of a bankruptcy petition cannot trigger modification of a debtor's interest in property and "ipso facto" clauses that purport to do so are unenforceable. *See* 11 U.S.C. §§ 363(1), 365(e), 541(c)(1)(B) (West 2000). Section 365(e)(1) provides, in pertinent part:

> Notwithstanding a provision in an executory contract ..., an executory contract ... may not be terminated or modified, and any right or obligation under such contract or

> lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on (A) the insolvency or financial condition of the debtor at any time before the closing of the case; or (B) the commencement of a case under this title....

11 U.S.C. § 365(e)(1) (West 2000). *Cf. Florida Nat'l Bank & Trust Co. v. Brown,* 47 So.2d 748, 760 (Fla.1949) (holding mortgage is an executory contract). Accordingly, the Court concludes that Debtor's filing of a bankruptcy petition did not, as a matter of law, constitute a default under the bankruptcy default clause, or ipso facto clause, of the Mortgage.

default of the note. The Note provides that:

> Borrower [Debtor] shall pay all of Bank's **reasonable expenses** incurred to enforce or collect any of the Obligations, including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or **bankruptcy proceeding**.

(emphasis added).

On April 1, 1999 Debtor and Debtor's wife consolidated the March 26, 1999 Promissory Note with an April 1, 1999 Promissory Note for a total indebtedness of $450,000.00. Debtor, Debtor's wife, and Creditor simultaneously entered a Modification of Mortgage.

On August 6, 1999 Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Debtor lists the real property securing the mortgage as having a value of $490,888.00 and Creditor's secured claim in the amount of $445,569.82. The Mortgage was current at the time of Debtor's filing but due to local practice the Mortgage was included in Debtor's Plan. On August 19, 1999 Debtor filed a proposed Chapter 13 Plan providing that:

> FIRST UNION NATIONAL BANK holds a mortgage on the Debtor's real property. The Trustee shall make the regular monthly mortgage payment of $4,332.03 per month for sixty months. The Debtor is current on this mortgage. Because the Debtor filed this bankruptcy on August 6, 1999, the first regular monthly payment due after completion of this Plan shall be the August, 2002 payment.

The proposed Plan additionally provides that "[N]o creditor shall be entitled to any late fees or attorney's fees during the bankruptcy, including the life of this Plan. Upon successful completion of this Plan, the Debtor's mortgage balance shall be deemed current as a matter of law." On January 11, 2000 Debtor filed an Amended Chapter 13 Plan reducing the term of the Plan to thirty-six months.

On December 16, 1999 Creditor filed a Proof of Claim for a secured claim in the amount of $454,527.29 and attached documentation supporting its claim. Included in these documents was a balance sheet noting the following:

Borrower: Song K. Pak

| | |
|---|---|
| Original Loan Balance | $450,000.00 |
| Last Payments Received 8/26/99 | $4,332.03 |
| Loan Balance as of 12/07/99 | $442,936.32 |
| Accrued Interest as of 12/07/99 | 10,138.33 |
| Late Charges | 433.20 |
| Attorneys' Fees | 954.00 |
| Costs | 65.44 |
| TOTAL | $454,527.29 |

Interest continues to accrue at $98.43 per diem
Attorneys' fees and other costs continue to accrue

On December 22, 1999 Creditor filed an Agreed Motion for Adequate Protection with Debtor's consent attached. On December 28, 1999 the Court granted Creditor adequate protection and ordered that the Chapter 13 Trustee pay Creditor $4,332.03 per month from Debtor's interim Chapter 13 payments *nunc pro tunc* from September 1999.

On April 4, 2000 Creditor filed an Objection to Confirmation of Amended Chapter 13 Plan with an Affidavit of Attorneys' Fees and Costs. This Affidavit stated that Creditor incurred costs of $70.44 and attorneys' fees of $5,199.50. Creditor's Objection is based on Debtor's failure to address obligations under the Note and Mortgage. Creditor claims that Debtor's proposed Amended Chapter 13 Plan fails to meet the requirements of 11 U.S.C. § 1325 and therefore cannot be confirmed. On May 30, 2000 the Court conducted a Confirmation Hearing. Debtor testified that he incurred large gambling losses that forced him to seek bankruptcy protection.

On June 5, 2000 Creditor filed an Amended Affidavit of Attorneys' Fees and Costs reflecting total attorneys' fees of $6,948.00 and total costs of $128.19 incurred by Creditor in this bankruptcy

case.[2] Included in Creditor's Affidavit was the following billing statement:

| TIME ENTRY SUMMARY | TIME | FEES |
|---|---|---|
| Initial review and analysis of First Union loan documents and file | 1.3 | $188.50 |
| Review of Bankruptcy court file (.4), debtor's schedules and chapter 13 plan (.7), on-line docket (.2), court orders (.1), notices (.1). | 1.5 | 217.50 |
| Preparation of Notice of Appearance | .2 | 29.00 |
| Preparation of Proof of Claim | 1.0 | 145.00 |
| Preparation of Motion for Adequate Protection | | |
| - Drafting and general research | 5.8 | 841.00 |
| - Research regarding procedures for obtaining distributions of payments made prior to filing motion. | 1.2 | 174.00 |
| Preparation of Order Granting Motion for Adequate Protection | 3.8 | 551.00 |
| Chapter 13 Plan Issues | | |
| - Review Amended Chapter 13 Plan | .6 | 87.00 |
| - Research re Plan provisions (RKG) | 1.4 | 175.00 |
| - Research re recovery of attorneys fees (RKG) | .6 | 75.00 |
| - Identify, research and analyze issues and objections concerning proposed Chapter 13 plan | | |
| EKC | 2.9 | 420.50 |
| RKG | .7 | 87.50 |
| - Prepare First Union's Objection to Confirmation Amended Chapter 13 Plan and supporting exhibits | | |
| EKC | 2.3 | 333.50 |
| RKG | 10.2 | 1,275.00 |
| - Prepare proposed alternative plan provisions | 1.2 | 174.00 |
| - Prepare for Confirmation Hearing scheduled for April 4, 2000 | 2.8 | 406.00 |
| - Attend Confirmation Hearing, 4/4/00 | 1.2 | 174.00 |

2. Creditor's Amended Affidavit of Attorneys' Fees and Costs states in part that:

> The fees incurred in the Firm's representation of First Union are summarized below. The handling of this file required usual initial review of loan and bankruptcy documents and filing of a notice of appearance and proof of claim. First Union's motion for adequate protection and order thereon presented unique issues arising from the Debtor's obligations under the loan documents (i.e., maintenance of insurance, ad valorem taxes, etc.) that are not provided for in a standard motion or order as well as provisions for the Chapter 13 Trustee to make distributions for monthly payments that were due and unpaid prior to entry of the Order Granting Adequate Protection. The Debtor's Amended Chapter 13 Plan purported to waive certain rights of First Union under the loan documents, such as recovery of attorneys' fees, and further purported deem the Debtor in compliance with the loan documents through the life of the plan. Because of these defects in the plan, First Union deemed it necessary to address the issues with Debtor's counsel and ulti-

| TIME ENTRY SUMMARY | TIME | FEES |
|---|---|---|
| - Prepare for Confirmation Hearing scheduled for May 25, 2000 | 2.7 | 391.50 |
| - Attend Confirmation Hearing, 5/30/00 | 1.0 | 145.00 |
| Communications with Trustee's Office regarding | | |
| - Consent for Adequate Protection Motion and Order | .7 | 101.50 |
| - Interim Payment disbursements | .9 | 130.50 |
| Communications with Debtor's Counsel regarding | | |
| - Adequate Protection | .6 | 87.00 |
| - Proof of Insurance | .4 | 58.00 |
| - Objections to Amended Chapter 13 Plan | 1.3 | 188.50 |
| Communications with Bankruptcy court office or clerk's office | .3 | 43.50 |
| Communications with Client (D.Gause) regarding loan documents, case issues and strategy, payment updates, etc. | 3.1 | 449.50 |
| **TOTAL** | **49.8** | **$6,948.00** |

Debtor filed a Response to Affidavit of Attorney's Fees and Costs on June 14, 2000 claiming that the fees sought by Creditor are extremely excessive and should be disallowed.

### CONCLUSIONS OF LAW

To qualify for confirmation under Chapter 13, Debtor must satisfy the requirements set forth in § 1325(a) of the Code. Debtor's treatment of Creditor's secured claim, in particular, is governed by subsection (a)(5).[3] Under § 1325(a)(5), a plan's proposed treatment of secured claims can

> mately file an objection to the confirmation of the plan to request the inclusion of provisions in the plan or the order approving the plan to protect First Union's interests, including procedures in the event of default and the recovery of attorneys' fees, which relief First Union successfully obtained.

3. Section 1325(a)(5) of the Bankruptcy Code provides that:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
> (5) with respect to each allowed secured claim provided for by the plan—
> (A) the holder of such claim has accepted the plan;
> (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
> (C) the debtor surrenders the property securing such claim to such holder;
> 11 U.S.C. § 1325(a)(5) (West 2000).

be confirmed if one of three conditions is satisfied: The secured creditor accepts the plan; the debtor surrenders the property securing the claim to the creditor; or the debtor invokes the so-called "cram down" power. *See Associates Commercial Corp. v. Rash,* 520 U.S. 953, 956–57, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997).

Under the cram down option, debtors are permitted to keep property over the objection of secured creditors; the creditors retain the lien securing the claim and debtors are required to provide creditors with payments, over the life of the plan, that will total the present value of the allowed secured claim, i.e., the present value of the collateral. *Id.* The value of the allowed secured claim is governed by § 506(a) and inclusion of reasonable fees and costs is governed by § 506(b).

Debtor satisfies § 1325(a)(5) in that Debtor's Plan provides for full payment to Creditor, Creditor's secured lien remains intact, and, although not explicitly stated in Debtor's Plan, the terms of the Mortgage and Note pass through this bankruptcy case unaffected. Additionally, the Mortgage and Note were current at the time Debtor filed for bankruptcy protection.[4] No arrearage exists. The only issue is the reasonable amount of attorneys' fees and costs incurred by Creditor that should be included in Creditor's allowed secured claim.

■■■ Section 506(b) provides that "to the extent that an allowed secured claim is secured by property the value of which, ..., is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." Section 506(b) has three requirements: (1) that the creditor is oversecured in excess of the fees requested; (2) that the agreement giving rise to the claim provides for attorney's fees; and (3) that the fees are reasonable. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The lodestar method is generally used to determine the reasonableness of attorney's fees. *See In re Smith,* 230 B.R. 437, 439 (reducing attorney's fees claimed by oversecured mortgagee in chapter 13 case). The lodestar approach involves multiplying the attorney's reasonable hourly rate by the number of hours expended. *See Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874, 877 (11th Cir.1990) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

■■■ The Eleventh Circuit provides that [I]n determining attorney's fees, a judge must 1) determine the nature and extent of the services rendered; 2) determine the value of those services; and 3) consider the factors laid out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974) and explain how they affect the award. *See* 908 F.2d at 877 (footnotes omitted). The twelve factors listed in *Johnson* are as follows: (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See* 488 F.2d at 717–19.

---

4. Creditor's claim for late fees appears to be post-petition. Debtor made interim payments to the Chapter 13 Trustee to account for payments due to Creditor. However, these payments were not disbursed until after the Court entered its Order Granting Adequate protection.

■ The actions required of Creditor to maintain and secure its position in this bankruptcy case do not justify Debtor absorbing attorneys' fees of $6,948.00 and costs of $128.19. Creditor exercised excessive time and labor to perform routine legal services that did not involve novel or difficult legal issues. The Mortgage was current at the time of filing. But for local practice, this Mortgage would not necessarily have been included in Debtor's proposed plan. The Plan proposed that Creditor receive its full monthly payment. Debtor consented to adequate protection and an order granting adequate protection was entered *nunc pro tunc.*

Creditor filed a proof of claim listing late charges, attorneys' fees and costs not exceeding $1,500.00. Attachments to the Proof of Claim also noted that attorneys' fees and other costs continue to accrue. Debtor did not object to this claim. However, Debtor's Plan did not make provision for Creditor's claimed late fees and attorneys' fees. After filing its Proof of Claim and receiving adequate protection, Creditor incurred substantial attorneys' fees for what it deemed necessary to protect its interest.[5] However, most of Creditor's actions after receiving adequate protection were unnecessary. Creditor boasts about results achieved, but in reality Creditor's position under Debtor's proposed plan has not been altered by any of Creditor's actions in this case.

Having over twenty years experience of practicing law in areas dealing with foreclosures, mortgages, bankruptcies and secured transactions, having served as Chapter 7 and Chapter 13 Trustee in thousands of bankruptcy cases, having represented numerous creditors and debtors, and having six years experience on the federal bench as a bankruptcy judge, the Court does not find Creditor's claim for attorneys' fees and costs in this case to be reasonable in light of what was truly necessary to protect its interest. Creditor's fee is simply excessive for the services rendered and results obtained in this case.

Concerning Preparation of Motion for Adequate Protection, although Creditor claims that this case presents unique issues, the motion was consented to and the adequate protection order did not drastically differ from the standard adequate protection order typically entered by this Court. The Court does not find that unique issues existed in this routine Chapter 13 case as to Creditor and its treatment in Debtor's proposed plan. Creditor spent 10.8 hours pursuing adequate protection and an additional 1.6 hours communicating with the Trustee concerning adequate protection and disbursements. The Court finds such time to be unreasonable and will allow 3.5 hours of time for these matters, which would have been more than adequate to fully protect Creditor's interest.

Concerning Chapter 13 Issues, Creditor spent 25.0 hours after reviewing Debtor's routine Chapter 13 Plan. Half of these hours were spent preparing an objection. Creditor also spent excessive time preparing alternative plan provisions and preparing for confirmation hearings. The Court finds that four hours would be more than sufficient to review all documents, prepare objections, and protect Creditor's interest in this case as to Chapter 13 Issues. Additionally, the Court finds the communication with Debtor's counsel concerning its objection and the communications with client to be unreasonable. These will be disallowed.

Accordingly, the Court will allow the following fees [6]:

| | | |
|---|---|---|
| Initial review and analysis of First Union loan documents and file | 1.3 | $188.50 |
| Review of Bankruptcy court file (.4), debtor's schedules and chapter 13 | | |

---

5. The Court notes the binding effect of confirmation of a Chapter 13 plan. *See* 11 U.S.C.A. § 1327.

6. Despite various rates being utilized by Creditor, the Court finds the rate of $145.00 to be reasonable and will apply such rate in its lodestar calculation.

| | | |
|---|---|---|
| plan (.7), on-line docket (.2), court orders (.1), notices (.1). | 1.5 | 217.50 |
| Preparation of Notice of Appearance | .2 | 29.00 |
| Preparation of Proof of Claim | 1.0 | 145.00 |
| Adequate Protection and Communications with Trustee's Office | 3.5 | 507.50 |
| Chapter 13 Plan Issues | 4 | 580.00 |
| Communications with Debtor's Counsel regarding | | |
| - Adequate Protection | .6 | 87.00 |
| - Proof of Insurance | .4 | 58.00 |
| Communications with Bankruptcy court office or clerk's office | .3 | 43.50 |
| TOTAL | 12.8 | $1,856.00 |

Concerning costs, the Court notes the unnecessary filing of multiple copies of loan documents in the Court file. Additionally, the Court notes that attaching copies of these documents to each paper served does not appear to be appropriate. The Court does not find the costs for photocopy charges by Creditor's counsel ($57.15) and costs for copying the loan file to be reasonable ($44.13). The Court also questions whether copying the bankruptcy file was necessary for the reason that Creditor should have received the majority of documents in the Court file. Nevertheless, the Court will allow costs of copying the Court file. Total costs allowed will be $26.31.

Accordingly, it is **ORDERED:**

1. Creditor First Union National Bank's Objection to Confirmation of Amended Chapter 13 Plan is **overruled.**

2. First Union National Bank is entitled to fees and costs in the total amount of **$1,882.31.** Debtor shall provide for payment of an additional **$1,882.31** over the life of Debtor's Plan to Creditor to cover all fees and costs. The balance of fees and costs incurred by Creditor are not reasonable and are not allowed as part of Creditor's secured claim in this case. The balance of fees and costs shall not be charged against Debtor or Debtor's bankruptcy estate.

3. The Chapter 13 Trustee is directed to prepare and submit to the Court a proposed Order Confirming Debtor's Amended Chapter 13 Plan that incorporates the changes referenced herein.