**In re Jack R. and Betty L. HENRY, Debtors.**

**No. BK–02–10875–NLJ.**

United States Bankruptcy Court, W.D. Oklahoma.

May 13, 2003.

Charles E. Snyder, Oklahoma City, OK, for United States Trustee.

Kenneth C. McCoy, Oklahoma City, OK, for Debtors.

## ORDER SUSTAINING IN PART AND DENYING IN PART TRUSTEE'S MOTION TO RECONSIDER

NILES L. JACKSON, Bankruptcy Judge.

### Background

Debtors filed their Chapter 13 Petition and Plan on February 1, 2002. The proposed plan provided for a monthly mortgage payment in the amount of $752.10. The Court entered the Order confirming Debtors' plan on April 29, 2002, which provided for ongoing mortgage payments in the amount of $752.10.

On February 23, 2003, Debtors objected to the monthly mortgage payment portion of the proof of claim filed pre-confirmation by The Leader Mortgage Company.[1] According to the objection, the claim was incorrect because the creditor continued to collect mortgage life insurance premiums after said insurance had been cancelled. The Debtors' objection asked that the monthly mortgage payment be reduced from $752.10 to $701.78, and also asked the Court to direct the mortgage company to pay Debtors' attorney $500 "for its failure to timely reduce its monthly payment . . . ."

The objection drew no response, and counsel for Debtors submitted an order to the Court granting all requested relief. The Court entered this Order on April 1, 2003, and the order was filed by the Clerk of the Court on April 4, 2003.

Pending before the Court is the motion of the Office of the United States Trustee (hereinafter the "UST") to reconsider the Order Sustaining Objection to Proof of Claim filed April 4, 2003, insofar as it granted Debtors' attorney a fee of $500. The Court conducted a hearing on the UST's motion and Debtors' response thereto, at the conclusion of which the Court took the matter under advisement. Having reviewed the file, the pleadings, the arguments of the parties, and the applicable law, the Court finds as follows.

### Contentions of the Parties

The UST objects to the granting of such fee, arguing there is no authority for awarding an attorney fee under these circumstances, other than through filing a motion for sanctions under § 9011(c). During the hearing on the motion to reconsider, the UST cited *In re Smith,* 230 B.R. 437 (Bankr.N.D.Fla.1999), to support his argument.

Counsel for Debtors responded, explaining it was necessary to object to the proof of claim because the mortgage company had failed to amend its claim to reflect cancellation of the mortgage life insurance. Debtors' counsel believed the mortgage company should pay his fee for researching the problem and prosecuting the objection which was prompted by its failure to act. Other reasons cited by Debtors' counsel in support of his argument were: 1) there was no response to the objection to the proof of claim, so he should there-

1. The Leader Mortgage Company filed its   Proof of Claim on March 5, 2002.

fore receive all relief requested; 2) the Debtors should be characterized as a "prevailing party" in an action to collect an account and be awarded an attorney's fee pursuant to OKLA. STAT. tit. 12, § 936; and 3) fees are awarded to attorneys for mortgage companies for filing proofs of claim, so fees should likewise be awarded against the mortgage companies when a debtor's attorney has to take action to correct the claim.

### Applicable Law and Discussion

■ The Court will first address the question raised by Debtors's counsel as to whether the UST had standing to file a motion to reconsider this Court's order, especially since the standing Chapter 13 Trustee received notice of the objection and did not respond.[2] Although no authority was cited by either side, the Court's research revealed statutory authority providing that the UST "shall ... whenever the [UST] considers it appropriate ... review[ ] ... applications filed for compensation ... under section 330 ... and [file] with the court comments ... and, if ... appropriate, objections to such application." 28 U.S.C. § 586(a)(3)(A). This language is also referenced in the comments to § 330. Accordingly, the Court finds the UST did have standing to file the motion to reconsider.

Next, the Court wishes to address deficiencies in the record. The objection filed by Debtors states that it objects to the "monthly mortgage payment portion of the Proof of Claim filed by [the mortgage company] ... in the amount of $752.10." The Court has examined the proof of claim and finds that nowhere does it state that the monthly mortgage payment is $752.10. There are several references to other pay-

ment amounts—the arrearage calculation on the second page of attachments reflects four late payments at $701.78 and one late payment of $752.56, and the printout on the fifth page of attachments reflects the payment amount is $701.78. Thus, the Court is puzzled as to the origin of this figure. Further, there is nothing in the file explaining when the purported mortgage life insurance was initiated nor when it was terminated. How then, did Debtors' counsel know that the mortgage company was charging Debtors for such insurance, and how did he know the insurance had been cancelled? If such cancellation occurred, was it pre– or post-confirmation? Though these questions were not raised by the UST during the hearing, they cast doubt in the mind of the Court regarding the validity of the objection.

■ Solely for purposes of addressing the merits of the motion, the Court will assume Debtors had a valid basis for objecting to the proof of claim. The main prong of the argument made by Debtors' counsel rests upon OKLA. STAT. tit. 12, § 936, which allows a prevailing party to collect an attorney fee in "any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument ..., unless otherwise provided by law or the contract which is subject to the action ...." It is the Court's opinion that § 936 is inapplicable herein because the embedded phrase "*unless otherwise provided by law*" brings into play 11 U.S.C. § 330 from which this Court derives its authority to award attorney fees in bankruptcy cases.

■ Debtors's other argument-equity-has appeal to this Court, but counsel did not cite any supporting legal authority. If

---

**2.** The attorney for the Chapter 13 Trustee represented that office did not file a responsive pleading because the granting of the attorney fee would have no effect on the Chapter 13 Plan or property of the bankruptcy estate.

the facts are correct as stated by counsel, albeit not substantiated by the record, and if Debtors were paying premiums on mortgage insurance that was cancelled *post-confirmation*, this Court agrees that the payment being made by Debtors should have been reduced. The mortgage company's failure to notify the Chapter 13 Trustee or take action to correct the situation justified some type of action by Debtors' counsel.

During the hearing, Debtors's counsel agreed with the UST's argument that he could have served the mortgage company with an objection to the ostensibly offending proof of claim combined with a request for sanctions under FED. R. BANKR. P. 9011(c), allowed the twenty-one day "safe harbor" response time to elapse, then he could have filed the motion with the Court and sought an attorney fee as part of the sanctions against the mortgage company for failing to withdraw or correct the proof of claim.[3] It appears to the Court this may have been the appropriate way to proceed, based upon the prayer in Debtors' objection that the mortgage company "be directed to pay Debtors' attorney $500.00 for its failure to timely reduce its monthly payment ...," which language sounds more like it seeks to punish the mortgage company and deter the conduct in the future rather than simply seeking reimbursement of fees.

Nonetheless, Debtors' counsel then asked what would happen if the creditor withdrew the offending proof of claim during the safe harbor period? Who would pay the debtor's attorney for researching, drafting, and filing the document to obtain that result, particularly when these matters arise post-confirmation and the attor-

ney fee has already been fixed in the confirmation order?

The UST's answer is that a debtors's counsel has no fee recourse for the action he took to correct the errant creditor's mistake, except that such additional work must of necessity be considered as part of the overall attorney fee awarded in the case, even though done post-confirmation. The *Smith* case, cited by the UST, states without reservation: "No code provision exists for awarding attorney's fees in objecting to a claim." 230 B.R. at 440. Nor did the mortgage contract involved in *Smith* provide for payment of fees to the debtor's attorney. Neither party could show the Court such a provision in the contract involved in this case either.

Having determined that OKLA. STAT. tit. 12, § 936 is not applicable, and it appearing that FED. R. BANKR. P. 9011 may not adequately address this particular situation, we thus return to § 330 of the Bankruptcy Code which provides that:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor ....

11 U.S.C. § 330(a)(4)(B). In this district, this code section is supplemented by the attorney fee provisions of this Court's recently amended Chapter 13 Guidelines. The Guidelines provide for an attorney fee of up to $250 for post-confirmation services, but further provide that in cases filed April 1, 2003, or thereafter, the fee awarded upon confirmation of a chapter 13 case "shall constitute compensation for

---

**3.** The Court questions whether this procedure would comply with the requirement that "[a] motion for sanctions under this rule shall be made separately from other motions or requests ...." FED. R. BANKR P. 9011(c)(1)(a) (emphasis added).

fees and expenses incurred for all pre-confirmation services and nominal post-confirmation services, including ... objecting to proofs of claim ...." This case was filed prior to April 1, 2003, and *upon the facts of this case,* Debtors' counsel's objection to the proof of claim was obviously beneficial to the Debtors, even if only by default. As counsel already had been awarded attorney fees for his work through confirmation of this chapter 13 case, if this court fails to allow attorney fees for counsel's post-confirmation work *under this fact situation,* there is no incentive for him to do such work in the future that is necessary and beneficial to a debtor.

The Court also feels compelled to consider counsel's equitable argument that the mortgage company wholly failed to respond to Debtors' objection to its proof of claim and, as previously mentioned, said objection contained clear notice that Debtors' counsel was requesting a $500 attorney fee.

### Decision

■ Based upon the foregoing, the Court concludes that, given the *specific facts in this case,* where counsel could not reasonably have anticipated this problem pre-confirmation, Debtors' counsel may be entitled to a reasonable attorney fee for his work in successfully resolving the disputed mortgage payment amount. After consideration of the apparent simplicity of research and work involved in drafting the objection, which was less than one page in length and contained a one-sentence argument, and in light of the fact that the Court was not provided with all relevant facts, it is the Court's opinion that a reasonable fee in this case is $200. Such fee will be awarded once Debtors' counsel cures the deficiencies in the record set out on page four of this Order, and such amount is to be included when calculating

the total fee received by Debtors' counsel in this case.

Finally, and left for another day is the issue addressed in the *Smith* case, cited by the UST, as to the propriety of awarding a flat fee to counsel representing mortgage lenders.

Based upon the reasons and authority stated above, the UST's motion to reconsider is sustained in part and denied in part.